IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN A. DEKLE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0069-WS-C |
| | ) |
| GLOBAL DIGITAL SOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiffs' Motion for Leave to Add Richard J. Sullivan as an Additional Party Defendant (doc. 10).

On February 9, 2015, defendants, Global Digital Solutions, Inc. ("GDSI"), and North American Custom Specialty Vehicles, Inc. ("NACSV"), filed a Notice of Removal (doc. 1), removing this action to this District Court from the Circuit Court of Baldwin County, Alabama.[1] One week later, on February 16, 2015, GDSI and NACSV jointly filed a Motion to Dismiss or Alternatively, for Transfer of Venue (doc. 5), raising various arguments and defenses. The court file confirms that defendants filed neither an answer nor any other Rule 12(b) motion prior to their Motion to Dismiss filed on February 16, 2015. That Motion to Dismiss remains pending at this time, subject to a briefing schedule (doc. 7) under which it is to become ripe on March 13, 2015.

On March 2, 2015, plaintiffs, Brian A. Dekle and John Ramsay, filed a First Amended Complaint (doc. 9), through which they purported to clarify the particular claims and causes of action asserted, as well as to name Richard J. Sullivan as an additional party defendant. The

---

[1] Federal subject matter jurisdiction appears to have been properly invoked pursuant to the diversity provisions of 28 U.S.C. § 1332, inasmuch as it appears that there is complete diversity of citizenship between plaintiffs and defendants, and that the amount in controversy exceeds by a wide margin the $75,000 jurisdictional threshold.

Court finds that plaintiffs have properly invoked Rule 15(a)(1), Fed.R.Civ.P., to amend their pleading as a matter of course without leave of court, inasmuch as (i) Dekle and Ramsay had not previously amended their Complaint, and (ii) their amendment was filed within 21 days after defendants served their Rule 12(b) motion, and is therefore timely under Rule 15(a)(1)(B). As the First Amended Complaint was properly filed, plaintiffs' original Complaint (see doc. 3, Exh. 1) has been superseded, with the First Amended Complaint now being the operative pleading.

Contemporaneously with the First Amended Complaint, in what appears to be a "belt and suspenders" maneuver, plaintiffs also filed a "Motion for Leave to Add Richard J. Sullivan as an Additional Party Defendant" (doc. 10). In that Motion, the First Amended Complaint and the accompanying Brief (doc. 11), Dekle and Ramsay explain that some courts have required plaintiffs seeking to name additional defendants to obtain leave of court under Rule 21 even when the amended pleading is being filed as of right under Rule 15. The Court appreciates plaintiffs' desire to proceed in an abundance of caution to be sure that the new defendant is properly named and joined. That said, the Court finds that the Motion for Leave was unnecessary, as Dekle and Ramsay properly effectuated Sullivan's joinder as a party defendant through their First Amended Complaint, which they filed as a matter of course under Rule 15(a)(1). While authorities are not unanimous, the prevailing (and better reasoned) view is that leave of court is not needed to add a new defendant under these circumstances. *See, e.g., McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976) (concluding that Rule 15 takes precedence over Rule 21 if a plaintiff attempts to add parties by an amended pleading filed as of right, because "[a]rguably Rule 15 is the more specific rule" and "the court should not have to be concerned with passing on amendments at an early stage when there is little likelihood of prejudice to other parties"), *vacated in part on other grounds*, 545 F.2d 919 (5th Cir. 1977).² Because Dekle and Ramsay properly filed their First Amended Complaint as a

---

   ²   *See also Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) ("while some courts have concluded that Rule 15(a) does not apply to amendments seeking to add parties, … most courts, including this one, have concluded otherwise") (citations omitted); *U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994) ("To the extent that Plaintiffs' motion to supplement sought the addition of a party, it is controlled by Rule 15(a) because it is actually a motion to amend.") (citations omitted); *Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 795 (2nd Cir. 1983) (determining that plaintiff was entitled to amend complaint as a matter of right to name two additional defendants, because existing defendant had (Continued)

matter of course within the parameters of Rule 15(a)(1), Richard Sullivan has been properly joined as a defendant herein, without the need for plaintiffs to obtain prior leave of court. Accordingly, the Motion for Leave to Add Richard J. Sullivan as an Additional Party Defendant (doc. 10) is **moot**.

Now that the Complaint has been amended, circumstances have changed with regard to the pending Motion to Dismiss or for Transfer of Venue (doc. 5) filed by defendants GDSI and NACSV. That Motion relates to a now-superseded iteration of plaintiffs' Complaint. In light of this development, it is unclear whether these defendants wish to continue to assert all of their previously stated grounds for dismissal, whether they wish to revise or supplement those arguments, whether they wish to abandon some or all of those arguments, and the like. At best, it would be unwieldy and inefficient for this Court to endeavor to synchronize a partially-briefed Rule 12(b) motion with a complaint that may have changed in material respects during the course of that briefing. Without hearing anew from the parties, the undersigned would be unable to discern which arguments the litigants might still wish to advance, how the arguments for or against dismissal might be modified by virtue of plaintiffs' amendment to their pleading, or what new arguments the parties might wish to raise in relation to the amended pleading.

In light of these circumstances (and without expressing any opinion as to the merits of the Motion to Dismiss or its continued viability with respect to the Amended Complaint), the Court deems the pending Motion to Dismiss or for Transfer of Venue (doc. 5) **moot** because it relates to a pleading that is now devoid of any legal force or effect. Defendants GDSI and NACSV must file their answer or Rule 12(b) Motion in response to the Amended Complaint or before **March 17, 2015**. Should these defendants renew their Motion to Dismiss, they should reproduce in full any arguments they wish to carry over from their prior Rule 12(b) Motion. In this manner, briefing on any renewed Motion to Dismiss will be self-contained, without obliging the Court or

---

not yet answered complaint and plaintiff had not previously amended his pleading); *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990) (similar); 6 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1479 (3d. ed.) ("any attempt to change parties by amendment before the time to amend as of course has expired should be governed by Rule 15(a)(1) and may be made without leave of court").

opposing counsel to refer back to previous briefs relating to the now-moot original Motion to Dismiss.

DONE and ORDERED this 3rd day of March, 2015.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE